Per Curiam.
The action was upon a written contract between the parties to the action. It provided 1st, that plaintiff be made general manager of the defendant; 2d, that he receive $5,000 each year as salary ; 3d, that he, thereby granted, sold and conveyed to the said company, except as thereinafter provided, the exclusive right to the use of all the inventions of the plaintiff relating to the signal business that he then had or might thereafter acquire, and also the right to use certain inventions designated; 4th, that the company pay for the use of the inventions $3,000 each year in quarterly payments; 5th, that one Henry Johnson be employed.; 6th, that the plaintiff, in addition to the other compensation to him, receive ten per cent, of the net profits; 7th, it is mutually agreed that this contract shall continue for a period of ten years, subject to termination by either party, however, by one year’s notice, in writing, to the other party at any time after the second year, or by the death of Charles R. Johnson, or by his permanent inability to perform his duties as general manager; 8th, it is further. mutually covenanted and agreed, that in the event of the termination of this agreement, the said company (by reason of the expenditures that shall *171 have been made during the continuance of this agreement) shall have a license (not exclusive) to use all of the inventions that may have been used in the carrying on the business of the company, on the payment of $6,500 per year, said sum to be paid quarterly, and shall be entitled to purchase from Charles R. Johnson, or his executors, the exclusive right to use all of the said inventions upon as favorable terms as he or his executors may be willing to grant to any other parties; 9th, that the agreement shall take effect from June 1st, 1886, and 10th, that in the event of the business of the company being terminated by circumstances over which its officers have no control, the contract should be null and void, and the license to use the inventions referred to should cease and all rights therein should revert Jo the plaintiff.
The action was for a quarterly payment under the eighth section of the contract. The plaintiff claimed that there had been a termination of the contract, within the meaning of that section, caused by a breach of the contract on defendant’s part' in discharging, without cause, the plaintiff, from its service. The defendant took the position that the termination meant was such as had been provided for in the earlier part of the contract in its seventh section.
If there were no break between the sections, and the word “ eighth ” omitted, by reading the two sections together as if they were one, it would be clear that the words “ continue ” and “ terminate ” of the early part of the section, referred to the same condition that is indicated by the words “ termination ” and “ continuance ” of the later part of the section. There was no necessity of using “ said ” or “ aforesaid.” The words having been once used and nothing intervening to indicaté a purpose to change the meaning, a repetition of the words is a repetition of the meaning.
The construction of the plaintiff involves the following reading: “ that in the event of a breach of this *172 agreement, by the company, the company shall have a license (not exclusive) to use,” etc. A contract should not be construed so as to provide in its executory aspects for bringing about its breach if it be possible to avoid such a construction. Such a construction would involve the idea, that by the eighth section, the plaintiff intended to offer to the defendant a motion to discharge him.
The eighth section, in its provisions, shows wThat was meant in the use of the words “ termination of this agreement.” Immediately after these words is the clause in parenthesis (“ by reason of the expenditures that shall have been made during the continuance of this agreement ” ). The termination was to be at the end of the intended continuance. The expenditures were such as would £e made through ten years, or, if notice were given, through three years. Such was the consideration to the plaintiff for making the license. If his discharge would make the provision operative, then it might be a discharge at the end of a day’s service as well as the end of a year’s service; as well when a few dollars had been expended, as when several hundred dollars had been. At the end of a day’s service many inventions might have been used for the business of the company, or only one. If a breach by discharge terminated the contract, then by the eighth section if the defendants used that one invention they would be bound to pay sixty-five hundred dollars a year, which was intended by the parties to be the compensation for the use of all inventions that might be employed in the company’s business through ten years.
There appearing to be no reason for the use of the word termination in the eighth section in any other sense than that of the words continue and terminate in the seventh section, it must be held that a breach of the contract by the defendants did , not terminate the contract within the meaning of the eighth section.
*173 It does not follow from this, that if they used, as the complaint avers they did, after plaintiff’s discharge, the inventions of plaintiff that had been used in the business, the plaintiff will be deprived of a valuable property right without compensation, for the defendants are liable for the value of that use.
The answer, taking all its averments together, does not admit that there was a termination of the contract as provided for in the eighth section.
It is claimed that a judgment roll offered by plaintiff was improperly excluded. It was in an action against these defendants, brought by one Miller, as the assignee of the present plaintiff, of a quarterly payment under section eight. In that action Miller recovered. It is urged that the judgment was a final adjudication, as to the parties to this action, of the issue of whether the present defendants were liable, under section eight. The fact that the action was not between the same parties, is a valid objection to the judgment roll as evidence, unless the objection is obviated by considerations growing out of the rules of estoppel. It is said that the parties to this action are in privity with the parties to the former action. Of course there is no privity so far as the defendants are concerned because they were parties. As to the present plaintiff being in privity with the former, it could rest only on their relation as assignor and assignee. While there may be a privity of estate or of title, there is none as respects the judgment in favor of the present plaintiff. If there were it would bind them mutually to the estoppel growing out of the relation, and if the plaintiff of the former action had been defeated, as to a single quarterly payment under the contract, the present plaintiff would be bound by it, and would have no action against the defendants for the other instalments. But the present plaintiff is not bound by the estoppel, because he did not gain *174 his interest, after the so called estoppel came into existence. In no sense did the plaintiff of the former action represent the present plaintiff. Nor is the present defendant in the position of one who takes a right burdened with what will constitute an estoppel; for all its rights, as presented in this action, were in 'existence prior to the judgment. The defendants are not estopped by the judgment inasmuch as they do not claim through one who is estopped by it. 2 Smith’s L. C. 664-665 ; Carver v. Jackson, 4 Peters, 83 ; Campbell v. Hall, 16 Ib. 83. The judgment roll was correctly excluded.
Certain pleadings in actions between the present parties were given in evidence. It is urged by the plaintiff that, as in them, the defendants admitted and averred a “wrongful termination of the contract” that was an admission of the termination, which put in operation the provisions of the eighth section. This, however, is opposed to the views that have been expressed as to the construction of that section.
At the time that the plaintiff was discharged by the president of the company, the plaintiff said to him, “ of course you will pay me the §6,500 a year royalty,” and was answered, “ Yes, oh yes, we shall pay the royalties.” There was no evidence that the president was authorized by the company to make this promise for it, or to put a construction upon the contract that had been made.
The exceptions are over-ruled, the judgment ordered for defendants upon the direction that the complaint be dismissed, with costs.